# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES LOCKE, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> MISSOURI DEPT. OF MENTAL HEALTH, ) </br> ) </br> Respondent. ) | No. 4:20-CV-244 DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se complaint. Also before the Court is petitioner's motion to proceed as a pauper. The Court will grant petitioner's motion to proceed in forma pauperis. Because petitioner's complaint appears to be a request for release from confinement from the Missouri Department of Mental Health, the Court will order petitioner to file his complaint on a court form suitable for filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court notes that petitioner is currently confined as a civil detainee at Southeast Missouri Mental Health Center ("SEMMHC"). Petitioner is unclear in his complaint exactly how he was detained at SEMMHC, stating only that "police said [he] was being arrested on account of being in possession of a so-called 2 kitchen knives and transported [him] to Hillsboro, Missouri County Jail." Thus, it is unclear if petitioner was charged with a crime and held under a permanent incompetency order or remanded to SEMMHC under a different procedure. If petitioner was charged in a criminal action, petitioner should provide the Court with a copy of his state court docket sheet if he is able to do so. If he is unable to provide the docket sheet to the Court, petitioner should simply identify the state criminal action under which he was held.

Additionally, it is unclear from the complaint whether petitioner is seeking conditional or unconditional release from his civil commitment. Thus, in his amended petition, petitioner should make it clear what relief he is seeking from the Court. Mo.Rev.Stat. § 632.435, *State ex rel. Koster v. Oxenhandler*, 491 S.W.3d 576, 589 (Mo.Ct.App. 2016).

Furthermore, petitioner should also articulate how he has exhausted his state remedies with relation to his request for release. *See Charles Leader v. Mary Attebury*, Case No. 14-0580-CV-W-GAF-P (W.D.Mo. 2016) (denying mental health patient's challenge to commitment order finding him permanently incompetent to proceed because the patient failed to exhaust his state remedies).[1]

Last, the Court will decline to appoint counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

---

[1] The Court notes that petitioner has provided as exhibits to his complaint what appear to be two motions he filed in a St. Francois County Court case opposing motions for extension of time relating to his confinement. However, these documents do not qualify as "exhaustion" under Mo.Rev.Stat. § 552.040. "To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

At this time, it appears that petitioner has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Thus, his request for counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send petitioner a court form for amending his petition under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel [Doc. #2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than twenty-one (21) days from this Order, petitioner must fill out the § 2254 form and return it to the Court. If petitioner fails to comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 20th day of February, 2020.

_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE