UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES LOCKE,

    Petitioner,

v.                                       No. 4:20-CV-244 DDN

JULIE INMAN[1],

    Respondent.

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Charles Locke's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the petition without prejudice for failure to exhaust his state court remedies.

**Background**

The following information is drawn from the instant petition, and from independent review of petitioner's state court proceedings on Missouri Case.net[2], the State of Missouri's online docketing system. Petitioner, who is currently confined at the Southeast Missouri Mental Health Center in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant action on a Prisoner Civil Rights Complaint form for bringing claims under 42 U.S.C. § 1983 claims on February 11, 2020. In his complaint, which was very

---

[1] The proper respondent in this action is petitioner's custodian, Julie Inman, the Director of Southeast Missouri's Mental Health Center. The Clerk shall substitute respondent for the named defendants in this action pursuant to the Rules Governing Section Habeas Corpus Cases.

[2] The record on Missouri.Case.Net reveals that petitioner was charged with assault in the 3rd Degree in Jefferson County Court wherein he pled guilty to the charges on December 2, 2014. He was sentenced to fifteen days in the county jail at that time. There is no indication that petitioner filed an appeal of his conviction or sentence in that action.

unclear, petitioner alleged that he was detained at SEMMHC, stating only that "police said [he] was being arrested on account of being in possession of a so-called 2 kitchen knives and transported [him] to Hillsboro, Missouri County Jail." Petitioner sought release from confinement in his complaint filed with the Court.

Thus, because it was unclear from petitioner's complaint if he had been charged with a crime and held under a permanent incompetency order or remanded to SEMMHC under a different procedure, the Court ordered petitioner to amend his petition on a court form for filing a § 2254 form for filing a habeas corpus action. The Court informed petitioner that if he had been charged with a prior crime he should provide the Court with a copy of his state court docket sheet identify the state criminal action under which he was held.

Although petitioner filed a three-page amended petition on March 10, 2020, he did not indicate the criminal case under which he had been remanded to the Missouri Department of Mental Health. Petitioner did indicate, however, that he had been found guilty, without trial, in a 2016 case in Jefferson County, for unlawful use of a weapon. Although this Court has searched Missouri.Case.Net for all cases involving petitioner, it has found no such case. The only case relative to petitioner in Jefferson County found by the Court is the following.

An Information was filed against petitioner relating to a 3rd Degree Assault Charge of domestic abuse on September 8, 2014. *State v. Locke,* No. 14JE-CR02549 (23rd Judicial Circuit, Jefferson County Court). The probable cause statement indicates that petitioner screamed a threat towards his girlfriend while they were in an argument. Petitioner pled guilty to the charge on December 5, 2014, and he was sentenced to fifteen (15) days in jail (time served). Petitioner was released from custody and any detainers on December 5, 2014. There is no indication petitioner

appealed his conviction or sentence. There is nothing in the state court record relating to petitioner's competence.

## Discussion

To the extent petitioner is seeking to overturn his 2014 conviction, his request for relief as to that judgment is time-barred. To the extent he is seeking conditional or unconditional release relative to a current competency order, the Court has not been able to find any such order or petitioner's attempts to exhaust his available remedies with respect to such order. Thus, his request for relief must be denied.

### A. Petitioner's Request for Relief as to His Original Judgment is Time-Barred

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal.

Petitioner was sentenced on December 5, 2014. However, he failed to appeal. Thus, only § 2244(d)(1)(A) is applicable to petitioner, and his one-year limitation period began to run on the date upon which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not appeal his conviction, his one-year limitation period began to run--at the latest--ten days from December 5, 2014, the date on which petitioner's judgment was entered. *Cf. Smith v. Bowersox,* 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). The instant petition was received by this Court approximately five years after the running of the one-year limitation period.

### B. Petitioner's Request for Conditional or Unconditional Release

To the extent petitioner is seeking either conditional or unconditional release, his request is subject to dismissal due to his failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that he applied for release, much less that he appealed the denial of such an application to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

### C. Certificate of Appealability Will be Denied

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute Julie Inman as the proper respondent in this action.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus and his amended petition for writ of habeas corpus [Doc. #1 and #6] are **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 9th day of April, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE